OPINION OF THE COURT
Gerald J. Beldock, J.
This is a motion to suppress statements made by defendant to an undercover officer who was investigating corruption in the Department of Correction. The statements were recorded on tapes. The undercover correction officer limited himself to queries about corruption in the Department of Correction; *1075 however, the defendant volunteered statements pertaining to jury tampering in the case now before the court and a statement reflecting on his possession of certain drugs. The correction officer, in his role as investigator, had no choice but to go along with defendant’s conversations referring to jury tampering because of his (correction officer’s) role as an undercover agent.
At the time of the conversation had with the undercover correction officer in the Brooklyn House of Detention, the defendant had already been convicted of the crimes charged in the present indictment. This conviction was later reversed on appeal.
The recorded conversation between the defendant and the correction officer held without the presence of defendant’s counsel only peripherally referred to the charges in the indictment. Nevertheless, the court feels that the admission of the recorded tapes into evidence on the trial might prejudice a jury (deliberating on the charges) against the defendant.
The distinction between the statements made in the matter before us and People v Clark (41 NY2d 612) is that in the Clark case the undercover officers had no knowledge of the indictment pending against the defendant, while in our present matter we know that the undercover agent had knowledge that a verdict had been rendered convicting the defendant of the same charges set forth in the present indictment against the defendant.
The First Circuit Court of Appeals has held that Massiah v United States (377 US 201) "applies to exclude postindictment statements of an accused to government agents in the absence of counsel even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception.” (Hancock v White, 378 F2d 479, 482; Pryor v Henderson, 403 F2d 46; United States ex rel. O’Connor v New Jersey, 405 F2d 632.)
The court finds that the defendant was represented by counsel at the time the conversations were held between the undercover correction officer and the defendant; that although the conversations did not actually amount to interrogation, they still resulted in a Massiah violation; and any statement given under those circumstances and pertaining to the crime for which the defendant was then under indictment and represented by counsel, must be suppressed.